# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| I-MAB BIOPHARMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-276-CJB |
| | ) |
| INHIBRX, INC. and BRENDAN ECKELMAN, | ) |
| | ) |
| Defendants. | ) |

Rodger D. Smith II and Anthony D. Raucci, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Ching-Lee Fukuda, Tai-Heng Cheng and Vania Wang, SIDLEY AUSTIN LLP, New York, NY; Thomas A. Broughan III, SIDLEY AUSTIN LLP, Washington, DC; Brooke S. Böll, SIDLEY AUSTIN LLP, Los Angeles, CA; Erik B. Fountain, MCKOOL SMITH, P.C., Dallas, TX, Attorneys for Plaintiff.

Philip A. Rovner, Nicole K. Pedi, Tyler E. Cragg, Andrew M. Moshos and P. Andrew Smith, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Amy H. Candido, WILSON SONSINI GOODRICH & ROSATI, P.C., San Francisco, CA, Attorneys for Defendants.

**MEMORANDUM OPINION**

October 1, 2024
Wilmington, Delaware

*Christopher J. Burke*
**BURKE, United States Magistrate Judge**

In this case, Plaintiff I-Mab Biopharma ("I-Mab" or "Plaintiff") brings trade secret misappropriation claims against Defendants Inhibrx, Inc. ("Inhibrx") and Brendan Eckelman ("Dr. Eckelman" and collectively with Inhibrx, "Defendants"). Presently pending before the Court are the following motions: (1) Defendants' motion for summary judgment on Ground No. 6: Plaintiff is not entitled to enhanced damages or attorneys' fees (the "Motion Regarding Ground No. 6"), (D.I. 352); and (2) Defendants' motion for summary judgment on Ground No. 7: Plaintiff is not entitled to any damages for its claims of alleged misappropriation of Trade Secrets 6, 7, 9 and 10 (the "Motion Regarding Ground No. 7"), (D.I. 353).[1] I-Mab opposes the Motions. For the reasons set forth below, the Motion Regarding Ground No. 6 is DENIED and the Court will RESERVE DECISION on the Motion Regarding Ground No. 7.[2]

**I.  BACKGROUND**

I-Mab commenced this action on March 1, 2022. (D.I. 2) The operative First Amended Complaint ("FAC"), filed on May 12, 2022, contains two causes of action, both for trade secret misappropriation against both Defendants: Count I, which alleges a violation of the federal Defend Trade Secrets Act ("DTSA"), and Count II, which alleges a violation of the Delaware Uniform Trade Secrets Act ("DUTSA"). (D.I. 49 at ¶¶ 175-201) Plaintiff asserts that Defendants misappropriated nine trade secrets (that correspond to molecules designed to treat cancer) that are referred to herein as Trade Secret 1, Trade Secret 2, Trade Secret 4, Trade Secret

---

[1]  While Defendants also directed Motion Regarding Ground No. 7 to Trade Secret 3, that trade secret is no longer in the case. (*See* D.I. 367 at 7 n.6; D.I. 408 at 15 n.14)

[2]  The parties have jointly consented to the Court's jurisdiction to conduct all proceedings in this case, including trial, the entry of final judgment and all post-trial proceedings. (D.I. 89)

5, Trade Secret 6, Trade Secret 7, Trade Secret 8, Trade Secret 9 and Trade Secret 10.  (*See, e.g.*, D.I. 49 at ¶¶ 50, 59-70; D.I. 337, ex. 6 at 7-23)

Defendants filed the instant Motions on June 14, 2024.  (*See* D.I. 336)  The Motions were fully briefed as of July 24, 2024.  (D.I. 386)  Trial is set for October 28, 2024.  (D.I. 301 at 2)

The Court here writes primarily for the parties, and so any additional facts relevant to this Memorandum Opinion will be discussed in Section III below.

## II.    STANDARD OF REVIEW

The Court incorporates the legal standards regarding summary judgment set out in its September 19, 2024 Memorandum Opinion, (D.I. 408 at 3-4), and will make use of them in resolving the Motions.

## III.   DISCUSSION

The Court will take up each of Defendants' two motions—which both relate to damages issues—in turn below.

### A.    Motion Regarding Ground No. 6

The DTSA and DUTSA permit awards of exemplary damages and attorney's fees if a trade secret was willfully and maliciously misappropriated.  18 U.S.C. § 1836(b)(3)(C)-(D); Del. Code tit. 6, §§ 2003(b), 2004.[3]  Defendants argue that they are entitled to summary judgment that Plaintiff is not entitled to exemplary damages or attorneys' fees because there is no evidence that

---

[3] While these statutes do not define the terms "willful" or "malicious[,]" Delaware courts assessing the issue of willful and malicious misappropriation pursuant to the DUTSA have defined willfulness as "an awareness, either actual or constructive, of one's conduct and a realization of its probable consequences," and malice as "ill-will, hatred or intent to cause injury."  *Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 271 (D. Del. 2010) (quoting *Nucar Consulting, Inc. v. Doyle*, No. Civ.A. 19756-NC, 2005 WL 820706, at *14 (Del. Ch. Apr. 5, 2005)).

any alleged misappropriation was willful and malicious.  (D.I. 336 at 27-28; D.I. 386 at 11-13)  Plaintiff, for its part, responds that the evidence of record would support a finding of willfulness and maliciousness.  (D.I. 367 at 24-27)

Importantly, the issue of whether a defendant has acted willfully and/or maliciously is a "highly fact-specific question best left to the jury." *PetroChoice Holdings, Inc. v. Orobono*, Civil No. 2:19-cv-06152-JMG, 2022 WL 138008, at *6 (E.D. Pa. Jan. 14, 2022) (internal quotation marks and citations omitted) (citing cases).[4]  Indeed, Defendants' opening brief devotes only two paragraphs to this motion, and in those two paragraphs Defendants simply cite to a handful of cases in which courts declined to award exemplary damages or attorneys' fees *following trial*.  (D.I. 336 at 27-28 (citing *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1116, 1120-21 (Fed. Cir. 1996) (reversing the trial court's finding of willful and malicious misappropriation that had followed a bench trial); *Arnold's Off. Furniture, LLC v. Borden*, Civil No. 5:20-cv-05470-JMG 2023 WL 3851978, at *8, *11 (E.D. Pa. June 6, 2023) (declining the plaintiffs' request for attorney's fees based on the jury's finding that the defendants' conduct was willful and malicious); *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662 (MN), 2020 WL 7024867, at *8, *26 (D. Del. Nov. 30, 2020) (denying the plaintiff's request for exemplary damages, despite the jury having found that the defendants willfully and maliciously misappropriated the plaintiff's trade secrets); *Wayman Fire Prot., Inc. v. Premium Fire & Sec., LLC*, C.A. No. 7866–VCP, 2014 WL 897223, at *17 (Del. Ch. Mar. 5, 2014) (concluding in

---

[4]     The Court notes that even if a fact finder concludes that willful and malicious misappropriation occurred, that does not mandate a finding that the prevailing party is entitled to exemplary damages or attorney's fees.  *See Arnold's Off. Furniture, LLC v. Borden*, Civil No. 5:20-cv-05470-JMG, 2023 WL 3851978, at *10 (E.D. Pa. June 6, 2023).  Rather, that decision lies within the Court's sound discretion.  *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662 (MN), 2020 WL 7024867, at *23 (D. Del. Nov. 30, 2020) (citations omitted).

post-trial findings of fact and conclusions of law that the plaintiffs were not entitled to exemplary damages or attorneys' fees); *Marsico v. Cole*, Civ. A. No. 13104, 1995 WL 523586, at *8 (Del. Ch. Aug.15, 1995) (concluding post-trial that the defendant's misappropriation was not malicious and therefore denying the plaintiff's request for attorneys' fees and exemplary damages))).[5] Defendants have made only conclusory arguments in support of their Motion. (D.I. 336 at 27-28) And Plaintiff has pointed to evidence that could support a finding of willfulness and maliciousness—such as evidence that Dr. Eckelman may have retained copies of Plaintiff's documents even after representing that he had destroyed all such documents. (D.I. 367 at 25-26; *see also* D.I. 229, exs. 3-4)[6]

In the end, trial has not yet occurred in this case, and so the Court declines to invade the province of the jury on this issue. *See, e.g.*, *Silverthorne Seismic, LLC v. Sterling Seismic Servs., Ltd.*, Civil Action H-20-2543, 2021 WL 4710813, at *7-8 (S.D. Tex. Oct. 7, 2021) (denying the defendant's motion for summary judgment of no willful and malicious misappropriation, where the plaintiff pointed to evidence that the defendant "consciously disregarded" its rights and thus there was a genuine dispute of material fact on the issue); *cf. Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 271 (D. Del. 2010) ("The jury's finding [that the defendant's

---

[5] Defendants cite to a single case in which the court found at the summary judgment stage that attorney's fees were not warranted. In that case, however, aside from the defendant's initial unauthorized taking of the information at issue, there was no evidence that the defendant had ever used the information—and in fact the court had issued a temporary restraining order prohibiting the defendant from using the information not long after the misappropriation had occurred. *3PD, Inc. v. U.S. Transp. Corp.*, No. GJH-13-2438, 2015 WL 4249408, at *1, *3 n.1 (D. Md. July 9, 2015).

[6] It is apparently not disputed that Dr. Eckelman did, in fact, maintain some of this evidence on his computer after having made these representations, (D.I. 386 at 12-13); it appears there is a factual dispute about whether he accessed such documents in that timeframe, (*id.*).

misappropriation was willful and malicious] derives substantial support from [the defendant's] intentional removal of [plaintiff's] trade secrets, as well as his refusal to acquiesce to the repeated demands to return this confidential information made by [plaintiff's] counsel").

Accordingly, Defendants' Motion Regarding Ground No. 6 is denied.

### B. Motion Regarding Ground No. 7

The parties describe Trade Secrets 6, 7, 9 and 10 as "business-related trade secrets" (the "business-related trade secrets"). As to these trade secrets, Plaintiff's damages expert John R. Bone opines that he did not "quantif[y] a value associated with [them.]" (D.I. 337, ex. 25 at ¶ 50) Nevertheless, Mr. Bone further opines that the business-related trade secrets "confer several benefits to Inhibrx" including "an advantage in partnering discussions aided by the knowledge of a competitor's development and commercialization timelines for its products[,] and improvement in the licensing and/or other agreement negotiating position due to additional knowledge of deal terms for similar arrangements executed by competitors." (*Id.*) As to the Motion Regarding Ground No. 7, Defendants argue that: (1) because damages cannot be speculative; and (2) because Mr. Bone failed to quantify a monetary value as to Trade Secrets 6, 7, 9 and 10; then (3) Defendants are entitled to summary judgment of no damages for the alleged misappropriation of these trade secrets. (D.I. 336 at 28; *see also* D.I. 386 at 13 ("I-Mab cannot point to anything from its expert or the record to prove that it suffered non-speculative damages for the alleged misappropriation of" the business-related trade secrets.))

The parties cited little relevant caselaw in the portions of their briefing dealing with this motion; indeed, the total amount of argument put forward as to the motion was sparse. (D.I. 336 at 28; D.I. 367 at 27; D.I. 386 at 13) The Court, however, has found a number of judicial opinions that may be relevant to the issue. Before resolving the motion, it wishes to address

them with the parties. Therefore, the Court will reserve decision with regard to the Motion Regarding Ground No. 7, and will plan to address that motion with the parties at the pre-trial conference. Among the issues the parties should be prepared to address are:

- Some courts assessing similar motions (i.e., motions seeking summary judgment with respect to assertedly speculative damages for trade secret misappropriation) have found that while the fact that damages *occurred* cannot be speculative, the precise *amount* of damages need only be established with reasonable certainty (with some courts even suggesting that the amount of damages may even be speculative and yet still be awarded). *See, e.g.*, *Presidio, Inc. v. People Driven Tech., Inc.*, 686 F. Supp. 3d 652, 692-93 (S.D. Ohio 2023); *Guide Techs., LLC v. Killeen*, Case Action No.: 1:09-cv-366, 2011 WL 13202871, at *15-16 (S.D. Ohio Mar. 21, 2011); *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 649 F. Supp. 2d 702, 719 (N.D. Ohio 2009); *BioCore, Inc. v. Khosrowshahi*, No. CIV. A. 98-2031-KHV, 1999 WL 156050, at *5 (D. Kan. Jan. 6, 1999); *cf. Jouria v. CE Res., Inc.*, No. 0:15-cv-61165-WPD, 2018 WL 11459494, at *3 (S.D. Fla. Mar. 2, 2018). Are these courts' views correct (and to what extent)?

- If the law requires a remedy as to Defendants' assertion that Plaintiff's damages position here is unduly speculative, is summary judgment the right remedy? *See BioCore, Inc.*, 1999 WL 156050, at *5. Or would a *Daubert* motion or a motion in limine be more appropriate? *See id.*; *Jouria*, 2018 WL 11459494, at *3.

- Some courts apparently have concluded that damages are not an element of a trade secret misappropriation claim. *See, e.g.*, *Hanks v. Anderson*, Case No. 2:19-cv-00999-DBB-JCB, 2024 WL 4092949, at *16 (D. Utah Sept. 5, 2024); *Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F. Supp. 3d 328, 392 (S.D.N.Y. 2023) (citing cases). Plenty of other courts indicate that damages are an element of such a claim. *See, e.g.*, *MGMTL, L.L.C. v. Strategic Tech. Inst., Inc.*, No. 23-30298, 2024 WL 3949073, at *3 (5th Cir. Aug. 27, 2024) (citing cases); *Power Integrations, Inc. v. De Lara*, Case No. 20-cv-410-MMA (DEB), 2020 WL 4582675, at *13-14 (S.D. Ca. Aug. 10, 2020). The parties here seem to assume that damages are an element of the claims and that the jury will be asked to ascribe

- an amount of damages if misappropriation is established. Is that the parties' view, and are damages correctly viewed as an element of these claims?

- Regardless of which fact finder is the right one to make a determination as to what damages have been incurred, and no matter what standard applies to that determination, how could a fact finder appropriately ascribe a monetary amount of damages regarding misappropriation of these trade secrets if Plaintiff's expert cannot do so? *Cf. MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1358 (Fed. Cir. 2005); *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, Civil Action No. 04-3623 (WHW), 2008 WL 1925304, at *6-8 (D.N.J. Apr. 30, 2008); *Emerson Elec. Co. v. Rogers*, No. 4:04CV01554 ERW, 2006 WL 212211, at *4-5 (E.D. Mo. Jan. 27, 2006).

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion Regarding Ground No. 6 is DENIED. The Court will RESERVE DECISION on Defendants' Motion Regarding Ground No. 7. An appropriate Order will issue.

Because this Memorandum Opinion may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Opinion. Any such redacted version shall be submitted no later than **October 4, 2024** for review by the Court. It should be accompanied by a motion for redaction that shows that the presumption of public access to judicial records has been rebutted with respect to the proposed redacted material, by including a factually-detailed explanation as to how that material is the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Opinion.