IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| I-MAB BIOPHARMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-276-CJB |
| ) | |
| INHIBRX, INC. and BRENDAN ) | |
| ECKELMAN, ) | |
| ) | |
| Defendants. ) | |

Rodger D. Smith II and Anthony D. Raucci, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Ching-Lee Fukuda, Tai-Heng Cheng and Vania Wang, SIDLEY AUSTIN LLP, New York, NY; Thomas A. Broughan III, SIDLEY AUSTIN LLP, Washington, DC; Brooke S. Böll, SIDLEY AUSTIN LLP, Los Angeles, CA; Erik B. Fountain, MCKOOL SMITH, P.C., Dallas, TX, Attorneys for Plaintiff.

Philip A. Rovner, Nicole K. Pedi, Tyler E. Cragg, Andrew M. Moshos and P. Andrew Smith, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Amy H. Candido, WILSON SONSINI GOODRICH & ROSATI, P.C., San Francisco, CA, Attorneys for Defendants.

**MEMORANDUM OPINION**

October 3, 2024
Wilmington, Delaware

*Christopher J. Burke*
**BURKE, United States Magistrate Judge**

In this case, Plaintiff I-Mab Biopharma ("I-Mab" or "Plaintiff") brings trade secret misappropriation claims against Defendants Inhibrx, Inc. ("Inhibrx") and Brendan Eckelman ("Dr. Eckelman" and collectively with Inhibrx, "Defendants"). Presently pending before the Court is Plaintiff's motion for partial summary judgment that Defendants were "competitors" of Plaintiff as defined by the Confidentiality Order as of November 2021 (the "Motion"). (D.I. 345) Defendants oppose the Motion. For the reasons set forth below, the Motion is DENIED.[1]

**I.      BACKGROUND**

   **A.      Factual Background**

The Court incorporates by reference its summary of the factual background of this case set out in its September 30, 2024 Memorandum Opinion ("September 30 MO"). (D.I. 420 at 2-4) The Court here writes primarily for the parties, and so any additional facts relevant to this Memorandum Opinion will be discussed in Section III below.

   **B.      Procedural Background**

I-Mab commenced this action on March 1, 2022. (D.I. 2) The operative First Amended Complaint ("FAC"), filed on May 12, 2022, contains two causes of action, both for trade secret misappropriation against both Defendants: Count I, which alleges a violation of the federal Defend Trade Secrets Act ("DTSA"), and Count II, which alleges a violation of the Delaware Uniform Trade Secrets Act ("DUTSA"). (D.I. 49 at ¶¶ 175-201) Plaintiff asserts that Defendants misappropriated nine trade secrets (that correspond to molecules designed to treat

---

[1] The parties have jointly consented to the Court's jurisdiction to conduct all proceedings in this case, including trial, the entry of final judgment and all post-trial proceedings. (D.I. 89)

cancer) that are referred to herein as Trade Secret 1, Trade Secret 2, Trade Secret 4, Trade Secret 5, Trade Secret 6, Trade Secret 7, Trade Secret 8, Trade Secret 9 and Trade Secret 10. (*See, e.g.*, *id.* at ¶¶ 50, 59-70; D.I. 337, ex. 6 at 7-23)[2]

In response to the FAC, Defendants filed a motion to dismiss in which they argued that, *inter alia*, Plaintiff's claims must be dismissed and re-filed in the Delaware Court of Chancery; Defendants asserted that this was so due to the existence of a forum-selection clause in the Confidentiality Order that governed the arbitration proceedings between Plaintiff and third-party TRACON Pharmaceuticals, Inc. ("TRACON") (i.e. "the *forum non conveniens* portion of the motion to dismiss"). (D.I. 62 at 6-10) Plaintiff retorted that Defendants lacked standing to enforce this forum-selection clause because: (1) the Confidentiality Order expressly prohibited the disclosure of confidential materials to experts who are "currently an employee of . . . any competitor . . . of any Party, as far as the expert . . . can reasonably determine"; but (2) Defendants were competitors of Plaintiff and thus Dr. Eckelman had been expressly prohibited from signing on as an expert. (D.I. 69 at 2, 4, 13-14 (quoting D.I. 62, ex. A at ¶ 8))[3] On August 8, 2022, the Court issued a Memorandum Opinion (the "August 8 MO") in which it determined that it could not decide the *forum non conveniens* portion of the motion to dismiss without first making a factual determination, following an evidentiary hearing, regarding whether Dr.

---

[2] Plaintiff has dropped Trade Secret 3 from the case. (D.I. 367 at 7 n.6; D.I. 408 at 15 n.14)

[3] The Confidentiality Order defines "[c]ompetitor" as "a person or entity endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any person or entity who are actually engaged in any of these activities." (D.I. 62, ex. A at ¶ 8)

3

Eckelman was an employee of an I-Mab competitor at the time he signed the Undertaking.[4] (D.I. 97 at 9-12, 24)[5]

On November 8, 2022, the Court held the evidentiary hearing (before and after which the parties submitted additional briefing) on the issue of whether Inhibrx was a "competitor" to Plaintiff as that term is defined in the Confidentiality Order at the time when Dr. Eckelman signed the Undertaking in November 2021. (D.I. 158) On June 2, 2023, the Court issued a Memorandum Opinion (the "June 2 MO") in which it concluded, based on the record before it, that: (1) Inhibrx was a "competitor" to Plaintiff (as that term is defined in the Confidentiality Order) as of November 2021; (2) this was so because both Plaintiff and Inhibrx were endeavoring to engage in or were actually engaged in the same line of business—the development of Plaintiff's TJ-L14B[6] and Inhibrx's INBRX-105 bispecific antibodies;[7] (3) an expert similarly situated to Dr. Eckelman could have reasonably determined that this was so at the time; and (4) therefore Dr. Eckelman has no standing to enforce the forum-selection clause of the Confidentiality Order (and thus the *forum non conveniens* portion of the motion to dismiss must be denied). (D.I. 191)

---

[4] As discussed in the September 30 MO, the Undertaking is the document that Dr. Eckelman signed in which he agreed to be bound by the terms of the Confidentiality Order. (D.I. 420 at 3 & n.3)

[5] Defendants subsequently filed a motion for reconsideration of this aspect of the Court's August 8 MO, (D.I. 101), which the Court denied, (D.I. 141).

[6] Plaintiff's Trade Secret 1 relates to the L14B molecule. (D.I. 49 at ¶ 60)

[7] The June 2 MO noted that in addition to these antibodies, both parties were currently developing other antibodies for use in the immuno-oncology field, but that the Court's assessment of the competitor issue would focus on the evidence regarding the parties' TJ-L14B and INBRX-105 antibodies. (D.I. 191 at 11 & n.14)

Plaintiff filed the instant Motion on June 14, 2024.  (*See* D.I. 331)  The Motion was fully briefed as of July 24, 2024.  (D.I. 383)  Trial is set for October 28, 2024.  (D.I. 301 at 2)

## II.     STANDARD OF REVIEW

The Court incorporates the legal standards regarding summary judgment set out in its September 19, 2024 Memorandum Opinion, (D.I. 408 at 3-4), and will make use of them in resolving the Motion.

## III.    DISCUSSION

With its Motion, Plaintiff moves for "partial summary judgment that Defendants qualified as 'competitors' as defined by the [] Confidentiality Order at the time Dr. Eckelman was retained [by TRACON] as an expert witness and acquired I-Mab's trade secrets."  (D.I. 331 at 1; *see also id.* at 2-7; D.I. 383 at 1-5)  In support, Plaintiff asserts that the Court has already held an evidentiary hearing regarding this exact issue; it states that in the June 2 MO, the Court concluded that "Inhibrx was then (and is now) a competitor of I-Mab as that term is defined in the Confidentiality Order"—and that there remains no genuine dispute of material fact that impacts this finding.  (D.I. 331 at 1-2 (quoting D.I. 191 at 31))  According to Plaintiff, this partial grant of summary judgment would "streamline the presentation of evidence to the jury" and prevent Defendants from relitigating this issue at trial.  (*Id.* at 2, 3, 5)

For their part, Defendants emphasized that they do not intend to use trial to "relitigate the standing dispute whereby the Court determined that Dr. Eckelman and Inhibrx qualify as 'competitors'" pursuant to the definition set forth in the Confidentiality Order.  (D.I. 364 at 3)  That said, Defendants worry that with its Motion, Plaintiff is seeking to "expand the Court's contractual interpretation based on evidence relating to just one trade secret into a far-reaching holding that effectively prevents Defendants from presenting their side of the story to the jury."

5

(*Id.*)  Relatedly, Defendants argue that evidence of Defendants' intent and subjective beliefs regarding whether Plaintiff was a competitor can be relevant to defend against Plaintiff's allegations of willful and malicious misappropriation.  (*Id.* at 3, 6-7)[8]

In the Court's view, summary judgment is not appropriate with respect to this issue. Pursuant to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim []—or the part of each claim[]—on which summary judgment is sought." Fed. R. Civ. P. 56(a).  The Court agrees with Defendants that it is "unclear precisely what I-Mab is seeking summary judgment on here[,]" (D.I. 364 at 9)—or, at least, that it is unclear how Plaintiff's request is sufficiently tied to the resolution of a claim or an element of a claim that is at issue.  (*See also id.* at 10 ("I-Mab has not identified any caselaw suggesting that the Court's determination that Defendants met a contractual definition of 'competitors' as to one of the ten purported trade secrets is conclusive on any of the disputed trade secret issues or elements."))

Plaintiff's explanation is that it is "seeking partial summary judgment on the objective application of the Confidentiality Order." (D.I. 383 at 2)  But as the Court explained in the September 30 MO, to establish a violation of the DTSA or DUTSA, Plaintiff must plead and prove:  (1) the existence of a trade secret, which is information with independent economic value derived from not being generally known or ascertainable that the owner has taken reasonable

---

[8]     Defendants also argue that "Dr. Eckelman's good faith, subjective belief that Inhibrx was not a competitor of I-Mab is relevant to whether his 'knowledge' of the trade secrets 'had been acquired by accident or mistake'—a circumstance expressly excluded from the DTSA and DUTSA's definition of misappropriation." (D.I. 364 at 5-6 (emphasis omitted) (quoting 18 U.S.C. § 1839(5)(B)(iii)(II); Del. Code tit. 6, § 2001(2)(b)(3))  The Court, however, agrees with Plaintiff that this does not seem to be a proper reading of the statutes.  (D.I. 383 at 3-4)  Instead, as Plaintiff notes, the portions of the statutes cited by Defendants define misappropriation to *include* the "disclosure or use of a trade secret" by someone with knowledge that the "trade secret had been acquired by accident or mistake[.]" 18 U.S.C. § 1839(5)(B)(iii)(II); Del. Code tit. 6, § 2001(2)(b)(3)).

measures to keep secret; and (2) misappropriation of that trade secret, which is the knowing improper acquisition, use, or disclosure of that trade secret. (D.I. 420 at 5-6 (citing relevant statutes and cases)) And while Plaintiff asserts that "[t]he unmistakable upshot of the Court's [June 2 MO] is that Dr. Eckelman had no right to access I-Mab's trade secrets as an expert witness[,]" (D.I. 331 at 2), Plaintiff does not expressly link its motion to an *element* of its claims (for example, it is not moving for partial summary judgment that "Defendants knowingly improperly acquired the trade secrets at issue"). As best as the Court can tell, Plaintiff is seeking summary judgment as to facts that relate to a *portion* of an *element* (i.e., misappropriation) of a *claim* (i.e., trade secret misappropriation). The Court is not convinced that it would be appropriate to grant such a request via Rule 56.

In the end, the Court agrees with both parties that the key issue regarding the standing dispute that the Court resolved in the June 2 MO—i.e., that pursuant to the Confidentiality Order's definition, Defendants qualified as Plaintiff's "competitor[s]" as to development of the TJ-L14B and INBRX-105 bispecific antibodies, and that Dr. Eckelman could have reasonably determined that this was so at the time—should not be relitigated at trial (in light of the law-of-the-case doctrine, or otherwise). Nevertheless, it denies Plaintiff's request for a grant of partial summary judgment here for the reasons set out above.[9] *See, e.g., Powers v. Emcon Assocs., Inc.*, Civil Action No. 14-cv-03006-KMT, 2017 WL 4102752, at *1-2 (D. Colo. Sept. 14, 2017)

---

[9] The Court agrees with Defendants that evidence regarding Defendants' subjective beliefs is relevant, at a minimum, to the issue of whether any misappropriation was willful and malicious. *See, e.g., AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662 (MN), 2020 WL 7024867, at *8 (D. Del. Nov. 30, 2020) (considering evidence regarding defendants' beliefs and intentions in assessing willful and malicious misappropriation). Indeed, this point does not seem to be disputed by Plaintiff. (D.I. 383 at 4-5 (acknowledging that testimony regarding Dr. Eckelman's personal views or state of mind regarding the Confidentiality Order, if admitted, could be "narrowly cabined" to the issue of willful and malicious misappropriation))

(denying the plaintiffs' motion for partial summary judgment on the issue of alter ego where the plaintiffs "did not proffer a claim in their motion upon which judgment could be granted"); *Cardenas v. Kanco Hay, L.L.C.*, Case No. 14-1067-SAC, 2016 WL 3881345, at *7 (D. Kan. July 18, 2016) (denying the plaintiff's motion for partial summary judgment on certain elements of his claims where "the motion does not describe a claim or part of a claim upon which a 'judgment' may be entered").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.  An appropriate Order will issue.