IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| I-MAB BIOPHARMA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INHIBRX, INC. and BRENDAN )<br>ECKELMAN, )<br>)<br>Defendants. ) | Civil Action No. 22-276-CJB |

**MEMORANDUM OPINION AND ORDER**

1. Presently pending before the Court is Defendants Inhibrx, Inc. and Brendan Eckelman's ("Defendants") motion for summary judgment on Ground No. 7: Plaintiff I-Mab Biopharma ("I-Mab" or "Plaintiff") is not entitled to any damages for its claims of alleged misappropriation of Trade Secrets 6, 7, 9 and 10 (the "Motion"). (D.I. 353)[1] I-Mab opposes the Motion. For the reasons set forth below, the Motion is GRANTED.[2]

2. Damages cannot be speculative; a plaintiff needs to prove the amount of damages it has suffered in a trade secret misappropriation case to a reasonable certainty. *See, e.g.*, *Presidio, Inc. v. People Driven Tech., Inc.*, 686 F. Supp. 3d 652, 692-93 (S.D. Ohio 2023); *see also* (D.I. 427 at 7 (citing cases)).

---

[1] While Defendants also directed the Motion to Trade Secret 3, that trade secret is no longer in the case. (*See* D.I. 367 at 7 n.6; D.I. 408 at 15 n.14)

[2] The parties have jointly consented to the Court's jurisdiction to conduct all proceedings in this case, including trial, the entry of final judgment and all post-trial proceedings. (D.I. 89)

3.     Here, as the Court has previously noted, with respect to Trade Secrets 6, 7, 9 and 10 (the "business-related trade secrets"), Plaintiff's damages expert John R. Bone opines that he did not "quantif[y] a value associated with [them.]"  (D.I. 337, ex. 25 at ¶ 50 (*cited in* D.I. 427 at 6))  And Plaintiff, in its briefing on the Motion, pointed the Court to no other evidence of record that quantified or attempted to quantify such a value.  (D.I. 367 at 27-28 (citations omitted))

4.     During oral argument on the Motion, in light of Mr. Bone's opinion and the state of the record on this point, the Court asked Plaintiff's counsel how there could nevertheless be sufficient evidence of record for a factfinder to award a (non-speculative) amount of damages with respect to the business-related trade secrets.  Plaintiff's counsel did not have a good response to this question.

5.     In the end, Plaintiff has not put forward sufficient evidence as to this issue.  The Court therefore agrees that "Defendants are entitled to summary judgment of no damages for the alleged misappropriation of" the business-related trade secrets.  (D.I. 336 at 28)  Defendants' Motion is GRANTED.  *Cf. Emerson Elec. Co. v. Rogers*, No. 4:04CV01554 ERW, 2006 WL 212211, at *4-5 (E.D. Mo. Jan. 27, 2006) (granting defendant's motion for summary judgment that plaintiff cannot produce sufficient evidence as to damages on either their breach of contract or trade secret claim where "[d]efendants, as the moving parties, have pointed to an absence of admissible evidence on an essential element of [p]laintiff's breach of contract and trade secret claims" and where "[i]n responding to the Motion, [p]laintiff has failed to set forth any admissible evidence as to its damages claims which would 'afford[ ] a sufficient basis for estimating their amount in money with reasonable certainty'") (citation omitted); *see also MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1358 (Fed. Cir. 2005).

Dated: October 20, 2024

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE